Ronald S. Kravitz, Esq. (SBN: 129704)
rkravitz@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 489-7700
Facsimile: (415) 489-7701

Teri T. Pham, Esq. (SBN: 193383)
tpham@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Plaintiffs
MAI CHRISTINA PHAM, JOHN PHAM,
MAI NGUYEN, and HUNG PERRY NGUYEN

ORIGINAL FILED
07 OCT 24 PM 3:31
RICHARD W. WIEKING
U.S. DISTRICT COURT

ADR
E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C07 05436 HRL

| | |
|---|---|
| Mai Christina Pham, John Pham, Mai Nguyen, and Hung Perry Nguyen,<br><br>Plaintiffs,<br><br>vs.<br><br>ComUnity Lending Inc., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR BREACH OF CONTRACT; DECLARATORY AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

Case No.
COMPLAINT

0030001/001/34414v01

Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen, and Hung Perry Nguyen allege their Complaint against Defendant ComUnity Lending Inc., a California corporation ("ComUnity"), and DOES 1 through 10, inclusive, as follows:

## I. PRELIMINARY STATEMENT

1. This action arises out of the breach of contract and conversion of funds by Defendant ComUnity and its agents in connection with the ComUnity Lending Non-Qualified Deferred Compensation Plan ("Plan") sponsored by ComUnity.

2. Despite the clear terms of the Plan that require the immediate payment of benefits upon the termination of the Plan, Defendants, and each of them, failed to pay Plaintiffs their benefits under the terms of the Plan and converted the funds from the Plan trust account to a ComUnity corporate account.

3. In response to Plaintiffs repeated efforts to contact ComUnity to discuss the basis for ComUnity's decision to transfer the funds of Plaintiffs to its corporate account in clear violation of the terms of the Plan, ComUnity refused to respond to Plaintiffs and their counsel with any information justifying the failure to pay Plaintiffs their benefits. Instead, ComUnity improperly has placed Plaintiffs' benefits in its corporate account.

## II. JURISDICTION AND VENUE

4. Jurisdiction is based on ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331, because this action arises under the laws of the United States, namely ERISA.

5. Venue in this District is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered and Defendants can be found in this District.

6. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by ERISA § 502(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

## III. THE PARTIES

7. At all relevant times, Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen and Hung Perry Nguyen were participants in the Plan. Mai and John Pham reside in Huntington Beach, California. Mai and Hung Perry Nguyen reside in Tustin, California.

8.  Upon information and belief, Defendant ComUnity is, and at all times relevant herein was, a California corporation organized and existing pursuant to the laws of the State of California, with its principal office at 610 Jarvis Drive, Morgan Hill, CA 95037.

9.  Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 10, inclusive. Plaintiffs allege that each of these Defendants named herein as DOES 1 through 10, inclusive, are responsible in whole or in part -- for the actions and/or omissions alleged herein. Plaintiffs will amend this Complaint to list the true names and capacities of those named herein as DOES 1 through 10 when the same have been ascertained.

10. Upon information and belief, Defendants DOES 1 through 10 were the agents of Defendant ComUnity and were at all times thereafter acting within the purpose and scope of said agency, and Defendant ComUnity has ratified and approved the acts of its agents.

## IV.   FACTS

### A.   The Plan and Trust Agreement

11. Effective October 1, 2001, ComUnity established a supplementary employee retirement plan to provide deferred compensation for a select group of management or highly-compensated employees.

12. The Plan administrator of the Plan is ComUnity.

13. Section 7.1 of the Plan provides that the value of the participants' accounts shall be fully vested at all times.

14. Section 8.13 of the Plan provides that benefits are immediately payable in a lump sum upon the termination of the plan.

15. Section 10.2 of the Plan provides that in the year of plan termination, benefits are immediately payable in a lump-sum cash payment to participants.

16. The Plan does not provide any provisions requiring the exhaustion of administrative remedies prior to filing a lawsuit seeking benefits or a procedure a participant may follow to file any such administrative claim.

17. ComUnity established an irrevocable trust in which the Plan contributions were deposited.

18. Effective September 1, 2003, Investors Bank & Trust Company ("IBT") entered into an agreement with ComUnity in which IBT agreed to act as the Trustee of the Plan.

19. Section 4 of the Trust Agreement between IBT and community provides that except as provided by Section 3, ComUnity "shall have no right or power to direct the Trustee to return to ComUnity or to divert to others any of the Trust assets before all payment of benefits have been made to the Plan participants and their beneficiaries pursuant to the terms of the Plan."

20. Section (3)(b) of the Trust provides in pertinent part:

> (1) The Board of Directors/Trustees and Chief Executive Officer on behalf of the Employer shall have the duty to inform the Trustee in writing of the Employer's Insolvency…
>
> (3) If at any time the Trustee has determined that the Employer is insolvent, the Trustee shall discontinue payments to Plan participants or their beneficiaries and shall hold the assets of the Trust for the benefit of the Employer's general creditors. . . .

21. Under the terms of the Trust, the Trust shall not terminate until the date on which the Plan participants and their beneficiaries are no longer entitled to receive benefits pursuant to the terms of the Plan.

**B.    Termination Of The Plan**

22. On or about September 4, 2007, ComUnity announced the termination of the Plan effective September 4, 2007. The termination announcement provided:

    a. Distributions will be made based on the payment options selected by the participants, with the exception of deferrals made after January 1, 2005 which must be taken as a lump sum,

    b. Deferrals made prior to January 1, 2005 will be distributed within 30 days;

    c. Deferral made after January 1, 2005 cannot be paid prior to September 4, 2008 and must be paid no later than September 4, 2009 (regardless of payment option chosen).

    d. All deferrals must be paid out within 24 months of plan termination.

23. The September 4, 2007 Termination Announcement directed Plan participants to the Transamerica Customer Care Center to respond to any questions concerning the Plan.

24. Upon information and belief, at the time of the termination of the Plan, ComUnity was not insolvent, and no one advised IBT that ComUnity was insolvent.

**C.    Failure To Pay Benefits Under The Plan**

25. Upon information and belief, beginning in or about September 11, 2007, ComUnity directed IBT to disburse all funds held in the Plan accounts of the plaintiffs directly to ComUnity.

26. At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff John Pham's Plan accounts had balances of approximately $526,180.74 and $1,026,745.56.

27. At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff Mai C. Pham's Plan accounts had balances of $640,702.86 and $1,164,927.96.

28. At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff Hung Perry Nguyen's Plan accounts had balances in the amounts of $123,906.43 and $90,535.25.

29. At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff Mai Nguyen's Plan accounts had balances of $24,956.72 and $237,163.75.

**D.    Conversion Of Plaintiffs' Benefits**

30. ComUnity and DOES 1 through 10, and each of them, failed to distribute the benefits directly to Plaintiffs and instead improperly directed all the assets of the Plan from the Trust to ComUnity's own account in violation of the express terms of the Plan and Trust.

31. On or about October 12, 2007, the President and CEO of ComUnity, Darryl Fry, issued a letter indicating that ComUnity:

> has hired specialized legal council [sic] that has substantial experience in non-qualified retirement plans, such as Top Hat. The purpose of the legal council [sic] is to better determine what action ComUnity Lending is able to take, so as to meet all of the terms of the plan and assure that ComUnity Lending is not taking any action that can be criticized by participants and/or creditors.

32. The October 12, 2007 letter further indicated: "The disbursed funds have been segregated into a non-operating interest baring [sic] account of ComUnity Lending. ComUnity Lending has not yet received definitive and final recommendations from legal council [sic]. Until

4    Case No.
COMPLAINT

ComUnity Lending has received such recommendation, the Top Hat funds are segregated and secure and will remain so."

33.  Despite repeated demands by the Plaintiffs, however, ComUnity Lending has failed and refused to disburse the funds to Plaintiffs or even respond to Plaintiffs' inquiries regarding the funds.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Breach of Contract
### (Against Defendants ComUnity, DOES 1-10)

34.  Plaintiffs incorporate by reference the facts and allegations set forth in Paragraphs 1 through 33, inclusive, and though fully set forth herein.

35.  Pursuant to the express terms of the Plan, Plaintiffs are entitled to the immediate payment of their benefits under the Plan.

36.  Defendants breached the terms of the Plan by failing to pay immediately the benefits owed to Plaintiffs upon the termination of the Plan and instead transferring the funds from the Trust to a ComUnity Lending account.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SECOND CLAIM FOR RELIEF
### Declaratory Judgment
### (Against Defendants ComUnity, DOES 1-10)

37.  Plaintiffs incorporate by reference the facts and allegations set forth in Paragraphs 1 through 33, inclusive, and though fully set forth herein.

38.  There is an actual controversy between Plaintiffs and Defendants with respect to the payment of benefits under the Plan.

39.  The rights of Plaintiffs and the corresponding duties of Defendants turn on the resolution of the following issues:

    a.  Plaintiffs contend that the Plan was and is obligated to pay immediately the benefits owing to them under the express terms of the Plan

1      b. Defendants contend that it was appropriate to refuse to make an immediate
2  distribution of benefits and to delay payment of the benefits owing under the
3  Plan to protect ComUnity from criticism by participants and/or creditors.
4  WHEREFORE, Plaintiffs pray for relief as set forth below.

### PRAYER FOR RELIEF

6  WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs as
7  follows:
8      1. Declaring that Plaintiffs are entitled to the immediate payment of their
9  benefits under the terms of the Plan;
10     2. Enjoining Defendants from using the assets of the Plan;
11     3. Ordering Defendants to pay Plaintiffs their benefits and pre-judgment
12 interest.
13     4. Awarding Plaintiffs their attorney fees and costs pursuant to ERISA section
14 502(g), 29 U.S.C. § 1132(g).
15     5. Awarding Plaintiffs such other and further relief as the Court may deem just,
16 proper, and equitable.

18 Dated: October 24, 2007

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
Ronald S. Kravitz
199 Fremont Street, 20th Floor
San Francisco, CA 94105

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
Teri T. Pham
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024

By: *Ronald S. Kravitz*
      Ronald S. Kravitz

Attorneys for Plaintiffs
MAI CHRISTINA PHAM, JOHN PHAM,
MAI NGUYEN, and HUNG PERRY NGUYEN

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial of all claims and causes of action triable before a jury.

Dated: October 24, 2007

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
Ronald S. Kravitz
199 Fremont Street, 20th Floor
San Francisco, CA 94105

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
Teri T. Pham
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024

By: *Ronald S. Kravitz /sk/*
Ronald S. Kravitz

Attorneys for Plaintiffs
MAI CHRISTINA PHAM, JOHN PHAM,
MAI NGUYEN, and HUNG PERRY NGUYEN

7      Case No.
COMPLAINT

0030001/001/ 34414v01

# CIVIL COVER SHEET

JS 44 - CAND (Rev 11/04)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I. (a) PLAINTIFFS**
Mai Christina Pham, John Pham, Mai Nguyen, and Hung Perry Nguyen

**DEFENDANTS**
ComUnity Lending Inc., a California corporation; and DOES 1 through 10, inclusive

ADR

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

E-FILING

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ronald S. Kravitz (SBN 129704)
Liner Yankelevitz Sunshine & Regenstreif LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105
415.489.7700

ATTORNEYS (IF KNOWN)

C07 05436 HRL

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For diversity cases only) (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | PERSONAL PROPERTY | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | LABOR | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 196 Franchise | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| REAL PROPERTY | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 442 Employment | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 443 Housing | [ ] 535 Death Penalty | [X] 791 Empl Ret Inc Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 445 Amer w/disab - Empl | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 446 Amer w/disab - Other | [ ] 555 Prison Condition | | | |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | | | | |
| | [ ] 480 Consumer Credit | | | | |
| | [ ] 490 Cable/Satellite TV | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 breach of contract under ERISA; declaratory and injunctive relief authorized by 28 U.S.C. §§ 2201 and 2202 and 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ > $3.8 million
- [ ] CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: October 24, 2007

SIGNATURE OF ATTORNEY OF RECORD: *Ronald S. Kravitz*

NDC-JS44