```
 1  Ronald S. Kravitz, Esq. (SBN: 129704)
        rkravitz@linerlaw.com
 2  LINER YANKELEVITZ
    SUNSHINE & REGENSTREIF LLP
 3  199 Fremont Street, 20th Floor
    San Francisco, CA 94105-2255
 4  Telephone:  (415) 489-7700
    Facsimile:  (415) 489-7701
 5
    Teri T. Pham, Esq. (SBN: 193383)
 6      tpham@linerlaw.com
    LINER YANKELEVITZ
 7  SUNSHINE & REGENSTREIF LLP
    1100 Glendon Avenue, 14th Floor
 8  Los Angeles, California 90024-3503
    Telephone:  (310) 500-3500
 9  Facsimile:  (310) 500-3501

10  Attorneys for Plaintiffs
    MAI CHRISTINA PHAM, JOHN PHAM,
11  MAI NGUYEN, and HUNG PERRY NGUYEN
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mai Christina Pham, John Pham, Mai Nguyen, and Hung Perry Nguyen,<br><br>    Plaintiffs,<br><br>vs.<br><br>ComUnity Lending Inc., a California corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. C07-05436 JW (HRL)<br><br>**EMERGENCY EX PARTE APPLICATION FOR WRIT OF ATTACHMENT, OR IN THE ALTERNATIVE, FOR A TEMPORARY PROTECTIVE ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF A RIGHT TO ATTACH ORDER**<br><br>Complaint Filed:  October 24, 2007 |

1

Case No.  C07-05436 JW (HRL)
EMERGENCY EX PARTE APPLICATION FOR WRIT OF ATTACHMENT

0036012/001/ 368888v01

# I.
## INTRODUCTION AND SUMMARY OF ARGUMENT

For the past two months, defendant ComUnity Lending, Inc. ("ComUnity") has been wrongfully withholding over $3.8 million in compensation belonging to its former employees, plaintiffs Mai Christina Pham, John Pham, Hung Perry Nguyen, and Mai Nguyen. Although ComUnity initially claimed to be withholding the funds in a segregated account pending a review by "specialized counsel" so as to "better determine what actions" it is able to take. That has turned out to be completely false and it is clear that ComUnity has not retained any counsel to advise it in connection with the employees' funds. Rather, ComUnity appears to be merely stalling and delaying so that it may use the employees' money for its own improper purposes. Given ComUnity's numerous false representations, it is clear that it has no intention of turning over the funds to the employees, in violation of the parties' express written agreement, and that those funds will be secreted away and/or depleted imminently unless a writ of attachment or immediate temporary protective order is entered to prevent ComUnity from depleting, spending or using the funds in any way pending this litigation.

# II.
## FACTUAL BACKGROUND

This is an action for breach of contract and declaratory relief relating to an employee deferred compensation plan. Defendant ComUnity is a California corporation engaged in the real estate mortgage and lending business, with its principal office in Morgan Hill, California. See Declaration of Mai Christina Pham ("M. Pham Decl.") at ¶2. Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen and Hung Perry Nguyen are all former employees of ComUnity. See M. Pham Decl. and Declarations of John Pham ("J. Pham Decl."), Mai Nguyen ("M. Nguyen Decl."), and Hung P. Nguyen ("H. Nguyen Decl.") at ¶1.

### A. The Plan Agreement

Among other things, the Plan provides that benefits are immediately Effective October 1, 2001, ComUnity established a supplementary employee retirement plan ("the Plan") to provide deferred compensation for a select group of management or highly-compensated employees, which included each of the plaintiffs in this action. See Exhibit A to M. Pham Decl. payable in a lump sum upon the termination of the plan. See Exhibit A to M. Pham Decl. at §8.13. The Plan further provides that "Upon termination of the plan, the Participant's full Compensation on a non-deferred basis will be thereupon restored," "all participants will be 100% vested," and "benefits are immediately payable in a lump sum cash payment to participants." See Exhibit A to M. Pham Decl. at §10.2.

### B. Termination Of The Plan

On September 4, 2007, ComUnity unilaterally announced that it was terminating the Plan effective September 4, 2007. Among other things, the termination announcement stated that "Deferrals made prior to January 1, 2005 will be distributed within 30 days" and that "All deferrals must be paid out within 24 months of plan termination." The termination announcement further directed the Plan participants to contact Transamerica Retirement Services ("Transamerica"), ComUnity's Plan Account Administrator, in the event of any questions. See Exhibit B to M. Pham Decl.

Following the termination of the Plan, the plaintiffs each filled out and submitted a Distribution Request form to Transamerica to request a lump sum distribution of their fully-vested account balance in accordance with the Plan. See Exhibit _ to M. Pham Decl. and Exhibit _ to Declarations of John Pham ("J. Pham Decl."), Mai Nguyen ("M. Nguyen Decl."), and Hung P. Nguyen ("H. Nguyen Decl."). The plaintiffs each provided instructions to Transamerica so that the funds could be distributed directly to them. However, unbeknownst to the plaintiffs and without the plaintiffs' consent, ComUnity unilaterally crossed out the plaintiffs'

1  payment instructions, and instead, directed that the plaintiffs' monies be paid to
2  ComUnity.  See Exhibit C and ¶¶6-7 to M. Pham Decl. and Exhibit A to J. Pham, M.
3  Nguyen, and H. Nguyen Decls.  Transamerica thereafter did distribute all of the
4  plaintiffs' funds to ComUnity.
5      At the time of the distribution to ComUnity, plaintiff John Pham's Plan
6  accounts had balances of approximately $526,180.74 and $1,026,745.56.  See J.
7  Pham Decl. at ¶5.  At the time of the distribution to ComUnity, plaintiff Mai C.
8  Pham's Plan accounts had balances of $640,702.86 and $1,164,927.96.  See M.
9  Pham Decl. at ¶8.  At the time of the distribution to ComUnity, plaintiff Hung Perry
10 Nguyen's Plan accounts had balances in the amounts of $123,906.43 and $90,535.25.
11 See H. Nguyen Decl. at ¶5.  At the time of the distribution to ComUnity, plaintiff
12 Mai Nguyen's Plan accounts had balances of $24,956.72 and $237,163.75.  See M.
13 Nguyen Decl. at ¶5.
14     Following the improper payout to ComUnity, plaintiffs attempted to contact
15 ComUnity on several occasions to inquire regarding the status of the payments to
16 plaintiffs.  However, ComUnity simply ignored those communications.  See M.
17 Pham Decl. at ¶9.  Finally, on October 12, 2007, ComUnity's President and CEO,
18 Darryl Fry, sent a letter to each of the participants of the Plan, including the
19 plaintiffs, claiming that ComUnity:
20     has hired specialized legal council [sic] that has substantial experience
21     in non-qualified retirement plans, such as Top Hat.  The purpose of the
22     legal council [sic] is to better determine what action ComUnity Lending
23     is able to take, so as to meet all of the terms of the plan and assure that
24     ComUnity Lending is not taking any action that can be criticized by
25     participants and/or creditors.
26 See Exhibit D to M. Pham Decl.  Mr. Fry's October 12, 2007 letter further stated:
27 "The disbursed funds have been segregated into a non-operating interest baring [sic]
28 account of ComUnity Lending.  ComUnity Lending has not yet received definitive

and final recommendations from legal council [sic]. Until ComUnity Lending has received such recommendation, the Top Hat funds are segregated and secure and will remain so." Id.

On October 15, 2007, counsel for the plaintiffs contacted Mr. Fry by telephone to inquire regarding the name and contact information of ComUnity's counsel in order to discuss the status of the plaintiffs' monies. See Declaration of Teri T. Pham ("T. Pham Decl.") at ¶2. Receiving no response, on October 16, 2007, the plaintiffs' counsel again contacted Mr. Fry by fax and email to obtain the name and contact information of ComUnity's counsel. See Exhibit A to T. Pham Decl. In response, Mr. Fry indicated that he would call plaintiffs' counsel directly. Plaintiffs' counsel informed Mr. Fry that she could only speak to him with the consent of ComUnity's attorney. See Exhibit B to T. Pham Decl. Mr. Fry never did contact plaintiffs' counsel to discuss the issues, nor did he forward any contact information for any attorney. Instead, he claimed that a "Richard Couch" was representing ComUnity and that Mr. Couch would be contacting plaintiffs' counsel. See Exhibit C to T. Pham Decl. However, no one representing ComUnity in any capacity has contacted plaintiffs' counsel to discuss the status of the plaintiffs' funds.

On October 22, 2007, plaintiffs' counsel sent a letter to Mr. Fry reiterating that plaintiffs have not received any communication from ComUnity's purported counsel or representative and demanding that ComUnity immediately disburse the funds to the plaintiffs in accordance with the Plan. See Exhibit D to T. Pham Decl. Neither plaintiffs nor their counsel have received any response to that request and it is clear that ComUnity never did retain any purported "specialized counsel," nor does it intend to disburse the funds to the plaintiffs, in violation of the parties' agreement under the Plan. Rather, it is clear that ComUnity's actions are merely stall and delay tactics so that it may wrongfully use the plaintiffs' monies for its own benefit, and to the detriment of the plaintiffs. Unless an immediate Writ of Attachment or

Temporary Restraining Order are issued, it is clear that the plaintiffs' funds will be depleted by ComUnity and its agents.

### III.
### ARGUMENT

**A.  Plaintiffs Have Satisfied the Requirements for Issuance of a Writ of Attachment.**

It is well established that plaintiffs may invoke whatever remedies are provided under federal law *or* the law of the state in which the federal court is located for "seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." Reebok Int'l Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552 (9th Cir. 1992); see also Fed. R. Civ. Proc. 64. Federal Rule of Civil Procedure 64 provides that all such remedies are available "under the circumstances and in the manner provided by the law of the state in which the district court is held." The remedies thus available include, among other things, arrest, attachment, garnishment, replevin, and sequestration. See Fed. R. Civ. Proc. 64. Accordingly, California's attachment procedure is applicable in this case.

California Code of Civil Procedure section 484.090 provides that the court shall issue a right to attach order, if it finds all of the following:

   1)   The claim upon which the attachment is based is one upon which an attachment may be issued.

   2)   The plaintiff has established the probable validity of the claim upon which the attachment is based.

   3)   The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

   4)   The amount to be secured by the attachment is greater than zero.

See C.C.P. §484.090. An attachment may be issued "in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorneys fees." See C.C.P. §483.010(a). Here, the plaintiffs' claim for breach of the Plan Agreement is clearly an action for money based on a contract. Furthermore, the amount due under the Plan Agreement -- $3,835,119.27 -- is clearly a fixed or readily ascertainable amount greater than zero. Moreover, given the clear terms of the Plan, plaintiffs have established a probable validity of their claim for breach of contract. See FNB Fin'l Co. v. Superior Court, 80 Cal.App.3d 927, 930, 144 Cal.Rptr. 496, 498 (1978) (granting attachment where defendant signed financing agreement guaranteeing payment and agreeing to repurchase the plaintiff's accounts receivables in the event of default). Finally, this attachment is sought solely to aid in collection and recovery once plaintiffs obtain their judgment.

### B. A Writ of Attachment or Temporary Restraining Order Should Issue Immediately to Prevent Depletion of the Funds.

The Court may issue an ex parte writ of attachment and temporary protective order where great or irreparable injury would result absent such an order. C.C.P. §485.010. Irreparable injury may be inferred where "there is a danger that the property sought to be attached would be concealed, substantially impaired in value, or otherwise made unavailable to levy if issuance of the order were delayed until the matter could be heard on notice." Id. Irreparable injury may also be inferred where defendant is insolvent in the bankruptcy sense (failing to pay when due debts not subject to bona fide dispute). Id. Here, there is a substantial danger that the plaintiffs' funds will be concealed or unavailable for levy if an order is not issued immediately.

1 | The defendant's false representations concerning retention of counsel and
2 | segregation of the funds make clear that it has no intention of returning the
3 | funds and is likely already using the funds or plans to use the funds for its own
4 | purpose. Indeed, it appears that ComUnity very recently sold its headquarters
5 | and may be closing its offices and relocating to some unknown location very
6 | shortly. See Exhibit E to T. Pham Decl. In light of the liquidity of the funds
7 | and defendant's false representations, an immediate writ of attachment or
8 | temporary restraining order should issue to prevent ComUnity from depleting
9 | or secreting away plaintiffs' funds pending a full-noticed motion and this
10 | litigation.[1]

11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///

---

[1] Because the funds belong to the plaintiffs and defendant has no interest in the funds (and claims to be keeping such funds segregated in any event), no undertaking should be required, or a very minimal undertaking, if any, should be required.

## IV.
## CONCLUSION

For all the foregoing reasons, plaintiffs Mai Christina Pham, John Pham, Mai Nguyen and Hung Perry Nguyen respectfully request that the Court issue an immediate writ of attachment, or in the alternative, for a temporary protective order and order to show cause re issuance of a writ of attachment.

Dated: October 29, 2007

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
Ronald S. Kravitz
199 Fremont Street, 20th Floor
San Francisco, CA 94105

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
Teri T. Pham
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024

By: _____/s/Ronald S. Kravitz_____
         Ronald S. Kravitz

Attorneys for Plaintiffs
MAI CHRISTINA PHAM, JOHN PHAM, MAI NGUYEN, and HUNG PERRY NGUYEN