# Exhibit A

ORIGINAL
FILED

07 OCT 24 PM 3:31

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CT.

Ronald S. Kravitz, Esq. (SBN: 129704)
rkravitz@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 489-7700
Facsimile: (415) 489-7701

Teri T. Pham, Esq. (SBN: 193383)
tpham@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

E-FILING

Attorneys for Plaintiffs
MAI CHRISTINA PHAM, JOHN PHAM,
MAI NGUYEN, and HUNG PERRY NGUYEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C07 05436 HRL

| | |
|---|---|
| Mai Christina Pham, John Pham, Mai Nguyen, and Hung Perry Nguyen,<br><br>   Plaintiffs,<br><br>  vs.<br><br>ComUnity Lending Inc., a California corporation; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. _____<br><br>**COMPLAINT FOR BREACH OF CONTRACT; DECLARATORY AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

Case No. _____

COMPLAINT

0030001/001/34414v01

1   Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen, and Hung Perry Nguyen allege

2  their Complaint against Defendant ComUnity Lending Inc., a California corporation

3  ("ComUnity"), and DOES 1 through 10, inclusive, as follows:

4  **I.    PRELIMINARY STATEMENT**

5   1.   This action arises out of the breach of contract and conversion of funds by

6  Defendant ComUnity and its agents in connection with the ComUnity Lending Non-Qualified

7  Deferred Compensation Plan ("Plan") sponsored by ComUnity.

8   2.   Despite the clear terms of the Plan that require the immediate payment of benefits

9  upon the termination of the Plan, Defendants, and each of them, failed to pay Plaintiffs their

10 benefits under the terms of the Plan and converted the funds from the Plan trust account to a

11 ComUnity corporate account.

12   3.   In response to Plaintiffs repeated efforts to contact ComUnity to discuss the basis

13 for ComUnity's decision to transfer the funds of Plaintiffs to its corporate account in clear violation

14 of the terms of the Plan, ComUnity refused to respond to Plaintiffs and their counsel with any

15 information justifying the failure to pay Plaintiffs their benefits.  Instead, ComUnity improperly has

16 placed Plaintiffs' benefits in its corporate account.

17 **II.    JURISDICTION AND VENUE**

18   4.   Jurisdiction is based on ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C.

19 § 1331, because this action arises under the laws of the United States, namely ERISA.

20   5.   Venue in this District is proper pursuant to ERISA §  502(e)(2), 29 U.S.C.

21 § 1132(e)(2), because the Plan is administered and Defendants can be found in this District.

22   6.   Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202,

23 respectively, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by ERISA

24 § 502(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

25 **III.    THE PARTIES**

26   7.   At all relevant times, Plaintiffs Mai Christina Pham, John Pham, Mai Nguyen and

27 Hung Perry Nguyen were participants in the Plan.  Mai and John Pham  reside in Huntington

28 Beach, California.  Mai and Hung Perry Nguyen reside in Tustin, California.

0030001/001/ 34414v01

8.     Upon information and belief, Defendant ComUnity is, and at all times relevant herein was, a California corporation organized and existing pursuant to the laws of the State of California, with its principal office at 610 Jarvis Drive, Morgan Hill, CA 95037.

9.     Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 10, inclusive. Plaintiffs allege that each of these Defendants named herein as DOES 1 through 10, inclusive, are responsible in whole or in part -- for the actions and/or omissions alleged herein. Plaintiffs will amend this Complaint to list the true names and capacities of those named herein as DOES 1 through 10 when the same have been ascertained.

10.    Upon information and belief, Defendants DOES 1 through 10 were the agents of Defendant ComUnity and were at all times thereafter acting within the purpose and scope of said agency, and Defendant ComUnity has ratified and approved the acts of its agents.

## IV.    FACTS

### A.    The Plan and Trust Agreement

11.    Effective October 1, 2001, ComUnity established a supplementary employee retirement plan to provide deferred compensation for a select group of management or highly-compensated employees.

12.    The Plan administrator of the Plan is ComUnity.

13.    Section 7.1 of the Plan provides that the value of the participants' accounts shall be fully vested at all times.

14.    Section 8.13 of the Plan provides that benefits are immediately payable in a lump sum upon the termination of the plan.

15.    Section 10.2 of the Plan provides that in the year of plan termination, benefits are immediately payable in a lump-sum cash payment to participants.

16.    The Plan does not provide any provisions requiring the exhaustion of administrative remedies prior to filing a lawsuit seeking benefits or a procedure a participant may follow to file any such administrative claim.

17.    ComUnity established an irrevocable trust in which the Plan contributions were deposited.

2
Case No.
COMPLAINT

0030001/001/ 34414v01

18.    Effective September 1, 2003, Investors Bank & Trust Company ("IBT") entered into an agreement with ComUnity in which IBT agreed to act as the Trustee of the Plan.

19.    Section 4 of the Trust Agreement between IBT and community provides that except as provided by Section 3, ComUnity "shall have no right or power to direct the Trustee to return to ComUnity or to divert to others any of the Trust assets before all payment of benefits have been made to the Plan participants and their beneficiaries pursuant to the terms of the Plan."

20.    Section (3)(b) of the Trust provides in pertinent part:

> (1)    The Board of Directors/Trustees and Chief Executive Officer on behalf of the Employer shall have the duty to inform the Trustee in writing of the Employer's Insolvency…
>
> (3)    If at any time the Trustee has determined that the Employer is insolvent, the Trustee shall discontinue payments to Plan participants or their beneficiaries and shall hold the assets of the Trust for the benefit of the Employer's general creditors. . . .

21.    Under the terms of the Trust, the Trust shall not terminate until the date on which the Plan participants and their beneficiaries are no longer entitled to receive benefits pursuant to the terms of the Plan.

**B.    Termination Of The Plan**

22.    On or about September 4, 2007, ComUnity announced the termination of the Plan effective September 4, 2007.  The termination announcement provided:

> a.    Distributions will be made based on the payment options selected by the participants, with the exception of deferrals made after January 1, 2005 which must be taken as a lump sum,
>
> b.    Deferrals made prior to January 1, 2005 will be distributed within 30 days;
>
> c.    Deferral made after January 1, 2005 cannot be paid prior to September 4, 2008 and must be paid no later than September 4, 2009 (regardless of payment option chosen).
>
> d.    All deferrals must be paid out within 24 months of plan termination.

23.    The September 4, 2007 Termination Announcement directed Plan participants to the Transamerica Customer Care Center to respond to any questions concerning the Plan.

3
Case No.
COMPLAINT

1    24.    Upon information and belief, at the time of the termination of the Plan, ComUnity

2    was not insolvent, and no one advised IBT that ComUnity was insolvent.

3    **C.    Failure To Pay Benefits Under The Plan**

4    25.    Upon information and belief, beginning in or about September 11, 2007, ComUnity

5    directed IBT to disburse all funds held in the Plan accounts of the plaintiffs directly to ComUnity.

6    26.    At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff

7    John Pham's Plan accounts had balances of approximately $526,180.74 and  $1,026,745.56.

8    27.    At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff

9    Mai C. Pham's Plan accounts had balances of $640,702.86 and $1,164,927.96.

10    28.    At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff

11    Hung Perry Nguyen's Plan accounts had balances in the amounts of $123,906.43 and $90,535.25.

12    29.    At the time of the distribution from IBT to ComUnity in September 2007, Plaintiff

13    Mai Nguyen's Plan accounts had balances of $24,956.72 and $237,163.75.

14    **D.    Conversion Of Plaintiffs' Benefits**

15    30.    ComUnity and DOES 1 through 10, and each of them, failed to distribute the

16    benefits directly to Plaintiffs and instead improperly directed all the assets of the Plan from the

17    Trust to ComUnity's own account in violation of the express terms of the Plan and Trust.

18    31.    On or about October 12, 2007, the President and CEO of ComUnity, Darryl Fry,

19    issued a letter indicating that ComUnity:

20
21                has hired specialized legal council [sic] that has substantial
                experience in non-qualified retirement plans, such as Top Hat.  The
                purpose of the legal council [sic] is to better determine what action
22                ComUnity Lending is able to take, so as to meet all of the terms of
                the plan and assure that ComUnity Lending is not taking any action
23                that can be criticized by participants and/or creditors.

24    32.    The October 12, 2007 letter further indicated:  "The disbursed funds have been

25    segregated into a non-operating interest baring [sic] account of ComUnity Lending.  ComUnity

26    Lending has not yet received definitive and final recommendations from legal council [sic].  Until

27

28

1   ComUnity Lending has received such recommendation, the Top Hat funds are segregated and

2   secure and will remain so."

3        33.    Despite repeated demands by the Plaintiffs, however, ComUnity Lending has failed

4   and refused to disburse the funds to Plaintiffs or even respond to Plaintiffs' inquiries regarding the

5   funds.

6   **CLAIMS FOR RELIEF**

7   **FIRST CLAIM FOR RELIEF**
**Breach of Contract**
8   **(Against Defendants ComUnity, DOES 1 -10)**

9        34.    Plaintiffs incorporate by reference the facts and allegations set forth in Paragraphs 1

10  through 33, inclusive, and though fully set forth herein.

11       35.    Pursuant to the express terms of the Plan, Plaintiffs are entitled to the immediate

12  payment of their benefits under the Plan.

13       36.    Defendants breached the terms of the Plan by failing to pay immediately the benefits

14  owed to Plaintiffs upon the termination of the Plan and instead transferring the funds from the Trust

15  to a ComUnity Lending account.

16       WHEREFORE, Plaintiffs pray for relief as set forth below.

17

18  **SECOND CLAIM FOR RELIEF**
**Declaratory Judgment**
19  **(Against Defendants ComUnity, DOES 1 -10)**

20       37.    Plaintiffs incorporate by reference the facts and allegations set forth in Paragraphs 1

21  through 33, inclusive, and though fully set forth herein.

22       38.    There is an actual controversy between Plaintiffs and Defendants with respect to the

23  payment of benefits under the Plan.

24       39.    The rights of Plaintiffs and the corresponding duties of Defendants turn on the

25  resolution of the following issues:

26            a.   Plaintiffs contend that the Plan was and is obligated to pay immediately the

27                benefits owing to them under the express terms of the Plan

28

5
COMPLAINT

0030001/001/ 34414v01

1      b.  Defendants contend that it was appropriate to refuse to make an immediate

2          distribution of benefits and to delay payment of the benefits owing under the

3          Plan to protect ComUnity from criticism by participants and/or creditors.

4      WHEREFORE, Plaintiffs pray for relief as set forth below.

5                          **PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs as

7  follows:

8      1.          Declaring that Plaintiffs are entitled to the immediate payment of their

9                  benefits under the terms of the Plan;

10     2.          Enjoining Defendants from using the assets of the Plan;

11     3.          Ordering Defendants to pay Plaintiffs their benefits and pre-judgment

12                 interest.

13     4.          Awarding Plaintiffs their attorney fees and costs pursuant to ERISA section

14                 502(g), 29 U.S.C. § 1132(g).

15     5.          Awarding Plaintiffs such other and further relief as the Court may deem just,

16                 proper, and equitable.

17

18  Dated: October 24, 2007                LINER YANKELEVITZ
                                            SUNSHINE & REGENSTREIF LLP
19                                          Ronald S. Kravitz
                                            199 Fremont Street, 20th Floor
20                                          San Francisco, CA 94105

21                                          LINER YANKELEVITZ
                                            SUNSHINE & REGENSTREIF LLP
22                                          Teri T. Pham
                                            1100 Glendon Avenue, 14th Floor
23                                          Los Angeles, California 90024

24
                                            By: _Ronald S. Kravitz_
25                                               Ronald S. Kravitz

26                                          Attorneys for Plaintiffs
                                            MAI CHRISTINA PHAM, JOHN PHAM,
27                                          MAI NGUYEN, and HUNG PERRY NGUYEN

28

                          6                    Case No.

0030001/001/ 34414v01

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury trial of all claims and causes of action triable before a jury.

3   Dated: October 24, 2007

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

4

Ronald S. Kravitz
199 Fremont Street, 20th Floor

5

San Francisco, CA 94105

6

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

7

Teri T. Pham
1100 Glendon Avenue, 14th Floor

8

Los Angeles, California 90024

9

By: _Ronald S. Kravitz/su_

10

Ronald S. Kravitz

11

Attorneys for Plaintiffs
MAI CHRISTINA PHAM, JOHN PHAM,

12

MAI NGUYEN, and HUNG PERRY NGUYEN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0030001/001/ 34414v01