IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mai Christina Pham, et al., | NO. C 07-05436 JW |
|         Plaintiffs,<br>  v. | **ORDER GRANTING PLAINTIFFS' APPLICATION FOR A WRIT OF ATTACHMENT** |
| ComUnity Lending Inc., | |
|         Defendant.<br>_____ / | |

Presently before the Court is Plaintiffs' Application for a Writ of Attachment. (See Docket Item No. 10.) The Court conducted a hearing on December 4, 2007. For the reasons stated on the record, the Court GRANTS Plaintiff's application for a writ of attachment.

Plaintiffs in federal court may invoke whatever remedies are provided under the law of the state in which the federal court is located for "seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." Fed. R. Civ. P. 64; Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 558 (9th Cir. 1992). These remedies may include a writ of attachment. Fed. R. Civ. P. 64. The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Co., 415 U.S. 423, 436 n. 10 (1974). Thus, the Court examines Plaintiffs' application under California law. In California, the procedures

1 and grounds for obtaining orders for prejudgment writs of attachment are governed by California
2 Civil Procedure Code §§ 481.010-493.060.

3 Attachment "is a remedy by which a plaintiff with a contractual claim to money (not a claim
4 to a specific item of property) may have various items of a defendant's property seized before
5 judgment and held by a levying officer for execution after judgment." Waffer International
6 Corporation v. Khorsandi, 69 Cal. App. 4th 1261, 1271 (1999). An attachment may be issued "only
7 in an action on a claim or claims for money, each of which is based upon a contract, express or
8 implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not
9 less than five hundred dollars." Cal. Civ. Proc. Code § 483.010(a). Attachment lies on any claim
10 against a partnership or corporation or on claims against individuals that arise out of the conduct by
11 the individual of a trade, business, or profession. § 483.010(a) & (c).

12 Based on the papers submitted to date and arguments by counsel at the hearing, the Court
13 finds that Plaintiffs have met their burden to establish grounds for relief. Plaintiffs have shown that:
14 (1) the claim upon which the attachment is based is one upon which an attachment may be issued;
15 (2) the attachment is not sought for a purpose other than recovery of the claim upon which the
16 attachment is based; (3) the amount to be secured by the attachment is greater than zero; (4) the
17 property sought to be attached is not exempt from attachment; and (5) Plaintiffs will suffer great or
18 irreparable injury (within the meaning of Section 485.010) if issuance of the order is delayed until
19 the matter can be heard on notice. Cal. Civ. Proc. Code §§ 484.090(a); 485.220.

20 The Court orders that Plaintiffs have the right to attach Defendant ComUnity Lending, Inc.'s
21 property in the amount of $3,835,119. The Clerk shall issue a writ of attachment for $3,835,119, for
22 the deposit account identified by Defendant's President, Richard Couch, at the Court's November
23 20, 2007 hearing. (See Docket Item No. 24.) It is further ordered that Defendant or Mr. Couch shall
24 disclose to the levying officer 1) the financial institution at which the account described above is
25 held, and 2) the account number of said account.

The parties shall appear for the Case Management Conference presently scheduled for **February 25, 2008 at 10 A.M.** Pursuant to the Civil Local Rules of Court, the parties shall meet and confer and file a Joint Case Management Conference by February 15, 2008.

Dated:  December 6, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Robert Anthony Franklin rfranklin@murraylaw.com
Ronald Scott Kravitz Rkravitz@LinerLaw.com
Teri Thuy Ngoc Pham tpham@linerlaw.com

**Dated: December 6, 2007**               **Richard W. Wieking, Clerk**

                                              **By:   /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California